IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID MOORE | ) |
| | ) CASE NO. |
| On behalf of himself and all others similarly-situated | ) |
| | ) JUDGE |
| Plaintiff, | ) |
| | ) |
| v. | ) (Jury Demand Endorsed Herein) |
| | ) |
| QUICK MED URGENT CARE, LLC, QUICK MED URGENT CARE OF YOUNGSTOWN, LLC, and QUICK MED URGENT CARE OF CORTLAND, LLC | ) |
| | ) |
| Defendants. | ) |

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT.**

Through a knowing and company-wide scheme, Defendants Quick Med Urgent Care, LLC, Quick Med Urgent Care of Youngstown, LLC, and Quick Med Urgent Care of Cortland, LLC (hereinafter, "Defendants") systematically failed to pay Plaintiff David Moore and other similarly-situated, non-exempt employees overtime. Accordingly, Defendants' conduct violated and continues to violate the Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 207. On behalf of himself and all other similarly situated employees, Moore bring this collective action for the recovery of unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Collective Class Members." The following allegations are based upon information and belief, or personal knowledge as to Moore's own conduct and the conduct and acts of others.

## PARTIES.

1. Moore is an individual residing in Trumbull County, Ohio. Moore performed work for Defendants within the last three years for which he was not paid overtime wages guaranteed by the FLSA. Moore' signed consent to sue form is attached hereto as Exhibit "A."

2. The FLSA Collective Class Members are all current and former non-exempt employees of Defendants who (1) who were paid on an hourly basis, (2) who worked 40 or more hours during any single week of their employment, and (3) were not paid overtime when they worked 40 or more hours in a single workweek.

3. Quick Med Urgent Care, LLC ("Quick Med") is a domestic corporation with its principal place of business located at 3499 Belmont Ave, Youngstown, Ohio, 44505. Quick Med owns and operates multiple urgent care health facilities throughout northern Ohio, some of which it operates through Quick Med Urgent Care of Youngstown, LLC, and/or Quick Med Urgent Care of Cortland, LLC. Quick Med can be served through its registered agent for service of process, Lena Amad Esmail, 1185 Trails Edge Drive, Hubbard, Ohio, 44425.

4. Quick Med Urgent Care of Youngstown, LLC ("Quick Med Youngstown") is a domestic corporation with its principal place of business located at 3499 Belmont Ave, Youngstown, Ohio, 44505. Upon information and belief, Quick Med Youngstown operates certain urgent care clinics in and around Mahoning and Trumbull counties, under the direct control of Quick Med. Quick Med Youngstown can be served through its registered agent for service of process, Faroq Moonda, 4099 Fairway Avenue, Canfield, Ohio, 44406.

5. Quick Med Urgent Care of Youngstown, LLC ("Quick Med Cortland") is a domestic corporation with its principal place of business located at 3499 Belmont Ave, Youngstown, Ohio, 44505. Upon information and belief, Quick Med Cortland operates certain urgent care clinics in and around Mahoning and Trumbull counties, under the direct control of Quick

Med. Quick Med Cortland can be served through its registered agent for service of process, Faroq Moonda, 4099 Fairway Avenue, Canfield, Ohio, 44406.

## PERSONAL JURISDICTION.

6. Defendants are Ohio Corporations; hire citizens of the state of Ohio, contract with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

7. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE.

8. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in this District because Defendants does a sizeable portion of its business in this District; its principal place of business is located in this district; and the wrongs herein alleged occurred in this District.

## FLSA COVERAGE.

10. At all times referenced herein, Defendants formed an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

11. During all times material to this Complaint, Defendants jointly employed Moore and those similarly-situated and were Moore and the FLSA Collective Class Members' "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in that:

    a. Each of the Defendants provides the same services – medical care – under the name "Quick Med Urgent Care" and using the same logos and commercial signage;

    b. Defendants' website further list each and every Quick Med Urgent Care operating in Ohio under its "locations," without regard to any corporate distinctions between Quick Med, Quick Med Youngstown, and/or Quick Med Cortland;[1]

    c. Defendants internal organizational chart demonstrates that Defendants operate as one entity notwithstanding any corporate distinctions, listing Lena Esmail as the CEO, a core group of shared corporate executives, and office managers for various Quick Med offices;[2]

    d. Each Defendant maintains enforces common rules, policies, and procedures, to include a common employee handbook shared across the enterprise;

    e. Each Defendant utilizes the same boilerplate employee contracts;

    f. Moore and those similarly situated were tasked with traveling to and working at all "Quick Med Urgent Care" Locations, without regard to any corporate distinctions; and recorded their time on on-site time recording equipment that were later reconciled by Quick Med at its corporate offices for payroll purposes.

## FACTUAL ALLEGATIONS.

12. Defendants operates urgent care health centers throughout northern Ohio.

13. Moore is a former employee of Defendants.

14. Moore was employed by Defendants as a Radiology Technologist.

---

[1] Exhibit B.
[2] Exhibit C.

15. Moore was first hired by Defendants on or about October 27, 2021.

16. At all times referenced herein, Moore and other Radiology Technologist were non-exempt employees paid on an hourly basis.

17. Moore and other Radiology Technologist were considered to be "on call" by Defendants and would be called upon to work at one of three locations, to include Defendants' Liberty, Ohio location, Austintown, Ohio, location, and Cortland, Ohio location, from where they would work and receive calls to travel to other Quick Med locations as needed.

18. Moore and other Radiology Technologist were paid one hourly rate to cover one location for the day, a slightly higher hourly rate to cover two locations for the day, and a third, higher hourly rate to cover three or more locations in a day.

19. At the time of Moore's hire, he was required to sign a standardized contract titled "Radiology Contract.docx" ("Employment Contract").

20. A true and accurate copy of the Employment Contract is attached hereto as Exhibit D.

21. Upon information and belief, Defendants have required all Radiology Technologist that they have hired in the three years immediately preceding this Complaint to sign the Employment Contract.

22. The Employment Contract contain describes the essence of Defendants unlawful scheme to deny Moore and other Radiology Technologist overtime:

    a. Moore and those similarly situated were generally scheduled to work 45 or more hours during the first week of their biweekly pay period, and approximately 35 hours the second week, for a total of 80 hours in a single pay period. The Employment Contract describes this schedule as follows: "A typical schedule is set up as three twelve hours shifts and one nine-hour shift on week one and two twelve hours shifts and one nine-hour shift on week two."

    b. Despite working 45 or more hours during the first week, Moore and other Radiology Technologist were not paid overtime for the five hours (or more) of overtime they worked during "week one." This policy and practice is also described in the Employment Contract: "Technologist acknowledge [sic] that there are [sic] exempt from overtime unless they exceed 80 hours in a 2 week pay period."

23. At all times referenced herein, Defendants never paid overtime to Moore or other Radiology Technologist overtime when they worked more than forty (40) hours in a single week.

24. At all times referenced herein, Defendants never paid overtime to Moore or other Radiology Technologist overtime even when they worked more than 80 hours in a two week pay period.

25. Defendants further failed to pay Moore and other Radiology Technologist overtime pay through a policy and practice of requiring these employees to clock out when they travelled between Quick Med locations, and to then clock back in when they arrived at the Quick Med location they were travelling to.

26. As a result of Defendants unlawful conduct, Moore and the FLSA Collective Class Members were not paid the proper overtime rate and/or were denied the full amount of overtime pay to which they were entitled under law.

27. Upon information and belief, Defendants required other non-exempt, hourly employees to work a similar two-week schedule to the one described as "typical" in the Employment Contract and failed to pay these employees overtime for working more than forty (40) hours in a single workweek.

28. Upon information and belief, Defendants failed to pay any and all non-exempt, hourly employees overtime when they worked more than forty (40) hours in a single workweek.

29. Defendants did not have a good faith belief that the FLSA allowed them, as an employer, to deny overtime to non-exempt employees who worked more than forty (40) hours a week, but 80 or fewer hours in a two-week period.

30. Defendants were never advised by an attorney that they could lawfully deny overtime to non-exempt employees who worked more than forty (40) hours a week, but 80 or fewer hours in a two-week period.

31. Defendants did not have a good faith belief that the FLSA allowed them to pay a flat hourly rate, and not pay overtime, for hours worked over 40 in a single workweek by non-exempt employees.

32. Defendants were never advised by an attorney that they could lawfully deny overtime to non-exempt employees who worked more than forty (40) hours in a single workweek.

33. Defendants did not have a good faith belief that the FLSA allowed them to not record the hours Radiology Technicians like Moore spent travelling between Quick Med locations.

34. Defendants were never advised by an attorney that they could lawfully refuse to record the hours Radiology Technicians like Moore spent travelling between Quick Med locations.

35. Defendants' employee handbook states, in part, as follows:

> Non-exempt employees (those employees paid on an hourly rate) will be paid 1.5 times their contracted hourly rate for authorized hours worked in excess of forty (40) hours in a one-week period.[3]

36. Despite Defendant's knowledge that Moore and other Radiology Technicians were non-exempt and that Defendants were required to pay overtime to non-exempt employees who worked more than forty (40) hours a week, Defendants deliberately, willfully, and recklessly failed to do so, and further, took affirmative steps to mislead Moore and other Radiology Technicians to believe that they were "exempt" and not entitled to overtime unless "they exceed 80 hours in a 2 week pay period."[4]

---

[3] Exhibit E (pages unrelated to time keeping, wages, and overtime omitted).
[4] Exhibit D.

37. Defendants' violation of the FLSA was and is willful, is ongoing, and is designed with the purpose of reducing labor costs so those funds may be retained for the benefit and enrichment of the business and its owners.

## **COLLECTIVE ACTION ALLEGATIONS**.

38. Moore incorporates by reference each of the allegations in the preceding paragraphs.

39. At all times referenced herein, Defendants employed non-exempt employees who (1) were paid on an hourly basis, (2) who worked more than forty (40) hours in a single workweek, and (3) who were not paid an overtime premium for some, or even any, of the overtime hours they worked.

40. Defendants' failure to pay overtime to hourly, non-exempt employees is a company-wide practice.

41. Defendants' practice of not paying overtime was not limited to Moore and affected all members of the putative FLSA Collective Class.

42. Moore brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly-situated individuals who are part of the following class:

> All persons who were employed in a non-exempt, hourly position by Defendants Quick Med Urgent Care, LLC, Quick Med Urgent Care of Youngstown, LLC, and Quick Med Urgent Care of Cortland, LLC, for any length of time during the three years immediately preceding this action.

43. Collective Action treatment of Moore's FLSA claim is appropriate because Moore and the FLSA Collective Class Members have been subjected to the same company-wide, common business practices referenced in Paragraphs 23-28 of the foregoing Complaint and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' company-wide practices failed to properly compensate the FLSA Collective Class Members for all overtime hours worked.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT.

44. Moore re-alleges and incorporates by reference the allegations set forth in paragraphs 1-43, above.

45. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of forty (40) hours in a work week.

46. Plaintiffs and the FLSA Collective Class Members were not exempt from the right to receive overtime pay under the FLSA during their employment with Defendants.

47. Plaintiffs and the FLSA Collective Class Members are entitled to be paid overtime compensation for all overtime hours worked.

48. At all times relevant to this Complaint, Defendants had a policy and practice of failing to pay overtime to its non-exempt, hourly employees.

49. Defendants either recklessly failed to investigate whether its failure to pay Moore and the FLSA Collective Class Members the proper overtime rate violated the Federal Wage Laws of the United States; it intentionally misled Moore and the FLSA Collective Class Members to believe that Defendants were not legally required to pay overtime and/or that they were exempt from overtime, and/or Defendants concocted a scheme pursuant to which they deprived Moore and the FLSA Collective Class Members of the overtime pay they earned.

50. Defendants' failure and refusal to pay Moore and the FLSA Collective Class Members the proper overtime wage for all overtime hours worked was willful, intentional, and not in good faith.

51. Moore and the FLSA Collective Class Members are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

## **PRAYER FOR RELIEF.**

WHEREFORE, Plaintiff David Moore requests judgment in his favor against Defendants Quick Med Urgent Care, LLC, Quick Med Urgent Care of Youngstown, LLC, and Quick Med Urgent Care of Cortland, LLC, containing the following relief:

(a) Designating this action as a collective action on behalf of Moore and the Collective he seeks to represent pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to FLSA Collective Class Members apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designating Moore as a representative for the FLSA Collective Class Members;

(c) Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

(d) Awarding Moore and the FLSA Collective Class Members unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(e) Awarding pre-judgment and post-judgment interest as provided by law;

(f) Awarding reasonable attorneys' fees and costs; and

(g) Awarding such other and further relief that this Court deems appropriate

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
25825 Science Park Drive, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiff David Moore*

## JURY DEMAND

Plaintiff David Moore demand a trial by jury by the maximum number of jurors permitted.

>*/s/Chris P. Wido*
>Chris P. Wido (0090441)
>**SPITZ, THE EMPLOYEE'S ATTORNEY**